UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AMIRALI BHIMANI,<br><br>Defendant. | No. 24 CR 620<br><br>Hon. Joan H. Lefkow |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. All the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendant and defendant's counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may

not retain copies without prior permission of the Court. The materials and their contents shall not be disclosed either directly or indirectly to any person or entity outside of the United States without prior authorization from the Court.

3. Certain materials disclosed or to be disclosed by the government contain particularly sensitive information, including medical information of one or more persons other than the defendant to whom the information is disclosed ("Sensitive Materials"). These Sensitive Materials shall be plainly marked as sensitive by the government prior to disclosure. No such Sensitive Materials, or the information contained therein, may be disclosed to any persons other than defendant, counsel for defendant, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, without prior notice to the government and authorization from the Court. Absent prior permission from the Court, Sensitive Materials shall not be included in any public filing with the Court, and instead shall be submitted under seal (except in the case of a defendant who chooses to include in a public document sensitive information relating solely and directly to the defendant making the filing).

4. Additionally, the government may produce materials which may contain sensitive information related to the identities of confidential human sources and information concerning ongoing or unrelated investigations ("Highly Sensitive Materials"). These Highly Sensitive Materials shall be plainly marked with this designation by the government prior to disclosure, and Highly Sensitive Materials

may only be reviewed by defendant and defense counsel at a U.S. government office. Defense counsel must be present for a defendant's review of such Highly Sensitive Materials. Absent prior permission from the Court, information contained in Highly Sensitive Materials shall not be included in any public filing with the Court, and instead shall be submitted under seal (except in the case of a defendant who chooses to include in a public document sensitive information relating solely and directly to the defendant making the filing).

5. Defendant, defense counsel, and authorized persons shall not copy or reproduce the materials, including Sensitive or Highly Sensitive Materials as otherwise appropriate, except in order to provide copies of the materials for use in connection with this case by defendant's counsel and authorized persons. Such copies and reproductions shall be treated in the same manner as the original files.

6. Defendant, defense counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, including Sensitive and Highly Sensitive Materials as otherwise appropriate, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original files.

7. Before providing Sensitive Materials to an authorized person, defense counsel must provide the authorized person with a copy of this Protective Order. Highly Sensitive Materials are not to leave a U.S. government office and therefore should not be provided to anyone outside those permitted to conduct in-office review

of Highly Sensitive Materials. Notes made by defendant or defense counsel regarding the content of Highly Sensitive Materials must be maintained by defense counsel, not reproduced or otherwise disseminated, and not made available to anyone other than defendant.

8. Upon conclusion of all stages of this case, all the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

9. To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

10. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been

received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described in Paragraph 3, above, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

11. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

Joan H. Lefkow

JOAN H. LEFKOW
DISTRICT COURT JUDGE
United States District Court
Northern District of Illinois

Date: August 12, 2026